UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MICHAEL ARDIS,

     Plaintiff,

     v.                         Case No. 3:23cv7017-MCR-HTC

DARLENE DICKEY, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Michael Ardis, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 claiming his constitutional rights were violated when a state court issued two (2) fugitive warrants for his arrest and extradited him to Florida. ECF Doc. 9. After reviewing the complaint, the undersigned concludes it should be dismissed without prejudice for failure to state a claim, as Plaintiff's claims are barred by *Heck*.

## I.    Background

Plaintiff filed his amended complaint in May 2023, seeking relief for two (2) allegedly unlawful fugitive arrest warrants. Plaintiff's amended complaint names the following six (6) defendants: former state attorneys William Eddins, Gregory Marcille, and Thomas Williams; circuit court judges Darlene Dickey and Timothy Register; and private citizen, Sarah Harper Crutchfield. The complaint sets forth the

following factual allegations, which are accepted as true for purposes of this Report and Recommendation.[1]

On September 16, 2018, Plaintiff moved to Sumter, South Carolina, after living in Pensacola, Florida, for sixteen (16) years. On October 5, 2018, Plaintiff filed an Answer to an Order to Show Cause in Florida Family law Case 2009 DR-003717 while living in South Carolina. Because the Answer purportedly contained threats directed toward Judge Dickey, it resulted in the state filing criminal charges against Plaintiff. Thus, a warrant was issued for Plaintiff's arrest, and he was arrested in his home in South Carolina on October 12, 2018.[2] He was extradited to Florida and released on bail.

Years later, on May 7, 2021, Plaintiff was again arrested in North Carolina based on a fugitive warrant for matters related to his pending criminal charges. Subsequently, Plaintiff pled guilty to two (2) felonies and one (1) misdemeanor.[3] *See Florida v. Ardis*, Escambia Cnty., 2018 CF 006350, (Plea of Guilty) (Docket

---

[1] The Court has supplemented the facts with information gleaned from Plaintiff's state court criminal filings, as necessary, for purposes of completeness.

[2] To the extent Plaintiff seeks to assert claims regarding events that took place on October 12, 2018, they are also barred by the statute of limitations. *See Ellison v. Lester*, 275 F. App'x 900, 901-02 (11th Cir. 2008) (per curiam) (holding four-year statute of limitations applies to § 1983 claims arising in Florida).

[3] Plaintiff pled guilty to written or electronic threats to kill, corruption by threat against a public servant, and intimidation, respectively. *See Florida v. Ardis*, 2018 CF 006350; Fla. Stat. Ann. §§ 836.10, 838.021(3b), 836.12(2) (2022).

entry dated June 29, 2021). Plaintiff was sentenced to five years of probation.[4] *See*

*Florida v. Ardis*, Escambia Cnty., 2018 CF 006350, (Corrected Probation Order)

(Docket entry dated August 11, 2021).

Plaintiff alleges the State of Florida lacked personal and subject matter

jurisdiction when issuing the fugitive arrest warrants. Plaintiff claims he was never

a fugitive from justice since he was never in Florida for any of the alleged criminal

activity and, thus, warrants for his arrest should never have been issued.

Based on the foregoing, Plaintiff alleges his rights under the Fourth, Fifth, and

Fourteenth Amendments were violated. As relief, Plaintiff seeks: (1) a declaratory

judgment; (2) injunctive relief; and (3) compensatory damages of $37,000, plus

attorney's fees and costs and attendant expenses.

## II.    Legal Standard

Since Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his

complaint, or any portion thereof, if it determines it is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state

---

[4] Plaintiff asserts the relief he seeks qualifies for an exception to the *Younger* Abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, courts must abstain when adjudication of a litigant's claims would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. *Id.* Here, the doctrine does not apply because Plaintiff's state case has concluded. His status on probation does not change that analysis. *See Almodovar v. Reiner*, 832 F.2d 1138, 1141 (9th Cir. 1987) ("Probation is not a pending criminal action for *Younger* purposes.").

a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Also, the Court must liberally construe Plaintiff's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.    Discussion

### A. *Heck v. Humphrey*

As an initial matter Plaintiff's claims are barred by the *Heck* doctrine because a determination by this Court in his favor would be inconsistent with and undermine his guilty pleas. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* the Supreme Court held that:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. The *Heck* bar applies to monetary as well as injunctive relief. *See Koger v. Florida.*, 130 F. App'x 327, 333 (11th Cir. 2005) (holding plaintiff's request for

injunction "commanding defendants to stop and cease their activity" was *Heck* barred because it necessarily implied the defendants violated his speedy trial rights and/or maliciously prosecuted him and, thus, his convictions were invalid).

In Plaintiff's amended complaint, Plaintiff alleges his arrests (for crimes to which he pled guilty) were illegal. He contends that the State of Florida was "wholly without jurisdiction" over him when the state court issued the arrest warrants. He alleges he "committed no crime" and "was not a fugitive." As part of the relief sought, Plaintiff asks the Court to make certain declarations, including that the state courts acted beyond their powers when they issued the arrest warrants and extradited him. Plaintiff seeks to have the Court declare all proceedings that occurred in the state courts after his arrest "null and void." Clearly, if the Court were to find in favor of Plaintiff on any of these claims or grant the relief requested, the Court would be invalidating Plaintiff's criminal convictions – something the Court cannot do. *See Soder v. Williamson*, 336 F. App'x 206, 209 (3d Cir. 2009) (holding allegations that judge acted without subject matter jurisdiction were barred by *Heck*). Accordingly, Plaintiff's complaint should be dismissed.

## B.    Plaintiff's Claims Fail to State a Claim

Even if Plaintiff's claims were not barred by *Heck,* Plaintiff is not entitled to relief as a matter of law because he has sued defendants who are immune and one who is not a "state actor." First, the claims against former Judges Dickey and

Register, are barred by judicial immunity. *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam) (quoting *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000)) (quotation marks omitted) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."). The "immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. It also applies to § 1983 cases alleging state deprivation of federal constitutional rights if subject matter jurisdiction is present. *Dykes v. Hosemann,* 776 F.2d 942, 949 (11th Cir. 1985) (per curiam). Finally, the doctrine "applies both to actions for damages and suits seeking injunctive and declaratory relief." *Bush v. Washington Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006) (per curiam) (citing *Bolin*, 225 F.3d at 1242).

Second, the claims against Defendants William Eddins, Gregory Marcille, and Thomas Williams are barred by prosecutorial immunity. *See Hoffman v. Office of State Attorney, Fourth Judicial Circuit*, 793 F. App'x 945, 950 (11th Cir. 2019) (per curiam) ("'A prosecutor is entitled to absolute immunity for all actions he takes while performing his functions as an advocate for the government' in the judicial phase of the criminal process.") (quoting *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004)); *see also Hart v. Hodges*, 587 F.3d 1288, 1296 (11th Cir. 2009).

Finally, Plaintiff cannot sue Sarah Harper Crutchfield under § 1983 because there is no allegation she was a state actor.[5]  The law is clear that "the under-color-of-state law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority,* 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted).  Only under certain limited circumstances, none of which are implicated by the allegations in the complaint, can a private party be considered a state actor.  *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (identifying those three exceptions).

## IV.    Conclusion

Plaintiff's amended complaint should be dismissed as *Heck*-barred and for failure to state a claim.  Additionally, given the issues identified herein, giving Plaintiff an opportunity to amend the complaint would be futile.  *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a

---

[5] Plaintiff does not specify what role Ms. Crutchfield had in any of the events he complains of or what fault she bears.  Indeed, Plaintiff's allegations fail to meet the basic notice requirements of Federal Rule of Civil Procedure 8 because he does not tie any wrongful conduct to any defendant in particular but just lumps all defendants together.  *See West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.,* 287 Fed. App'x. 81, 86 (11th Cir. 2008) (noting that in a case with multiple defendants, plaintiff should avoid "lumping" multiple defendants together because doing so makes it difficult to "ascertain exactly what the plaintiff is claiming").

district judge need not allow an amendment where amendment would be futile.")

(citation omitted).

Accordingly, it is respectfully RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE.

2.    That the clerk close the file.

At Pensacola, Florida, this 2nd day of June, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.